**AKIN GUMP STRAUSS HAUER & FELD LLP**
GARY M. MCLAUGHLIN (SBN 217832)
STEPHANIE PRIEL (SBN 313085)
gmclaughlin@akingump.com
spriel@akingump.com
1999 Avenue of the Stars, Suite 600
Los Angeles, CA 90067-6022
Telephone:   310-229-1000
Facsimile:   310-229-1001

Attorneys for Defendants
PURPLE COMMUNICATIONS, INC.
and CSDVRS, LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA (SACRAMENTO DIVISION)

| | |
|---|---|
| MARY CROWDER as an individual and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PURPLE COMMUNICATIONS, INC., a Delaware Corporation; CSDVRS, LLC, a Delaware Limited Liability Company; and DOES 1 through 100,<br><br>Defendants. | Case No.<br><br>**DEFENDANT PURPLE COMMUNICATION, INC.'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1331, 1441, AND 1446**<br><br>[Certificate of Interested Entities or Persons and Corporate Disclosure Statement, Declaration of Stephanie Priel and Civil Cover Sheet filed concurrently]<br><br>*(Placer County Superior Court, Case No. S-CV-0040180)*<br><br>Date Action Filed: October 11, 2017<br>FAC Filed:           March 22, 2018<br>Trial Date:            August 26, 2019 |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that Defendants Purple Communications, Inc. and CSDVRS, LLC (collectively "Purple") hereby remove to this Court the state court action described below, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446. In support thereof, Purple states as follows:

## BACKGROUND

1.   On October 11, 2017, an action was commenced by Plaintiff Mary Crowder and is currently pending against Purple in the Superior Court of California, County of Placer, as Case No. S-CV-0040180, entitled *Mary Crowder, as an individual and on behalf of all others similarly situated, Plaintiff, v. Purple Communications, Inc., a Delaware Corporation; CSDVRS, LLC, a Delaware Limited Liability Company; and Does 1-50, inclusive, Defendants*.[1]  The Complaint and Summons were served on Purple Communications, Inc. on November 3, 2017 and on CSDVRS, LLC November 6, 2017. Declaration of Stephanie Priel ("Priel Decl.") ¶ 3, Ex. 1. On December 4, 2017, Defendant Purple Communications, Inc. filed its Answer. *Id.* ¶ 3, Ex. 2. On March 22, 2018, Crowder filed a First Amended Complaint ("FAC"). *Id.* ¶ 3, Ex. 3. On April 26, 2018, each Defendant filed its Answer to the FAC. *Id.* ¶ 3, Ex. 4. Additional pleadings filed and served in this action are attached to the Declaration of Stephanie Priel as Exhibits 5-32. *Id.* ¶ 4. There have been no further proceedings in this action and no other pleadings have been filed and served upon Crowder or Purple. *Id.* ¶ 5.

2.   Crowder is a video interpreter ("VI") for Purple. *See* FAC ¶ 9. VIs provide remote on-demand sign language interpreting for telephone calls between deaf or hard-of-hearing persons and hearing persons, using video, mobile, and computer technology. Crowder asserts claims under the California Labor Code for failure to pay minimum and overtime wages and failure to provide proper wage statements. *See id.* ¶¶ 21, 26, 32.

---

[1] CSDVRS, LLC is the parent company of Purple Communications, Inc.

Crowder also brings a claim under the Private Attorneys General Act ("PAGA"), seeking to recover unpaid overtime wages and civil penalties on behalf of all current and former non-exempt employees in California. *Id.* ¶42. The crux of Crowder's overtime and related PAGA claims is that Defendants allegedly failed to pay all overtime compensation owed as a result of Defendant paying VIs certain bonuses, and as a result of VIs allegedly working off-the-clock. *Id.* ¶¶ 10-11.

3. Purple's removal is based on a change in law that occurred on January 25, 2019, when the Ninth Circuit overruled its prior authority and held that California state law overtime claims for unionized employees covered by qualifying collective bargaining agreement ("CBA") are completely preempted by Section 301 of the Labor Management Relations Act ("LMRA"), and are thus treated as federal claims arising under the CBA that are removable to federal court, as explained further below. *See Curtis v. Irwin Inds., Inc.*, 913 F.3d 1146 (9th Cir. 2019). Purple's Notice of Removal is timely because it is filed within thirty (30) days of that decision. *See* 28 U.S.C. § 1446(b)(3) (notice of removal "may be filed within 30 days after receipt by the defendant . . . of a copy of an . . . order or other paper from which it may first be ascertained that the case is one which is or has become removable."); *Rea v. Michaels Stores Inc.*, 742 F.3d 1234, 1238 (9th Cir. 2014) (holding that a party timely and properly filed a second removal where it did so within 30 days after a precedential Supreme Court decision).

<u>FEDERAL QUESTION JURISDICTION BASED ON SECTION 301 PREEMPTION</u>

4. This case raises a federal question because Crowder's PAGA and class claims premised on alleged overtime violations are completed preempted by Section 301 of the LMRA with respect to unionized employees subject to a CBA.

5. Section 301(a) of the LMRA establishes federal jurisdiction over "[s]uits for violation of contracts between an employer and a labor organization." 29 U.S.C. § 185(a). Section 301 establishes a body of federal substantive labor law that completely occupies the field and preempts any state law remedy that might otherwise

arise out of a dispute involving the interpretation or application of a collective bargaining agreement.  *See, e.g.*, *Associated Builders & Contractors, Inc. v. Local 302 Int'l Bhd. of Elec. Workers*, 109 F.3d 1353, 1356 (9th Cir. 1997).  State-law claims that arise out of a collectively bargained relationship are thus "properly recharacterized as a single Section 301 claim."  *Seid v. Pacific Bell, Inc.*, 635 F. Supp. 906, 909 (S.D. Cal. 1985).  Where Section 301 preemption applies, the case can be removed to federal court based on federal question jurisdiction, even if the complaint purports to allege only state law claims.  *Curtis*, 913 F.3d at 1149-50 (citing *Metro. Life Ins. v. Taylor*, 481 U.S. 58, 65 (1987)) (explaining that Section 301 "has such 'extraordinary preemptive power that it converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule' . . . In other words, a civil complaint raising claims preempted by § 301 raises a federal question that can be removed to a federal court.") (internal citations omitted).

6.  Section 514 of the Labor Code provides that the Labor Code's overtime provisions "do not apply to an employee covered by a valid collective bargaining agreement if the agreement expressly provides for the wages, hours of work, and working conditions of the employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage."  Lab. Code § 514; I.W.C. Wage Order No. 7-2001, § 3(I) (same).  Thus, unionized employees subject to a qualifying CBA are not subject to California overtime requirements.  Because such employees' entitlement to overtime derives only from the CBA, Section 301 completely preempts their state law overtime claims.  *Curtis*, 913 F.3d at 1149-50 ("[Plaintiff]'s claim for overtime pay is preempted under § 301 . . . because California overtime law does not apply to an employee working under a qualifying collective bargaining agreement.").

7.  In addition to her class claims, Crowder asserts a cause of action under PAGA on behalf of all current and former non-exempt employees in California during

3

the relevant time period, alleging that Purple failed to pay overtime wages in violation of Labor Code section 510 and seeking unpaid overtime wages and civil penalties under Labor Code section 558 on behalf of all such employees. *See* FAC ¶ 42 ("[P]ursuant to Labor Code § 558(a), $50 for each initial violation . . . and $100 for each subsequent violation per employee per pay period, plus an amount sufficient to recover the unpaid wages.").

8. Crowder's overtime and PAGA claims encompass both union and non-union employees. FAC ¶¶ 13, 41 (defining the overtime class as "all Defendants' current and former non-exempt employees" and seeking to bring a PAGA claim on behalf of the same members of the putative classes). More than 70 of the employees (VIs) for whom Crowder seeks unpaid overtime wages and civil penalties were union members subject to a qualifying CBA during the relevant time period.[2] Priel Decl. ¶ 6.

9. The CBA qualifies under Section 514 because it expressly provides for the wages, hours of work, and working conditions of the subject employees, and also provides for premium wage rates for all overtime hours worked and an hourly rate of pay of at least 30 percent more than the state minimum wage. *See, e.g.*, Priel Decl. ¶ 6, Ex. 32. at Articles 11 ("Employment Status"); 12 ("Hours and Overtime"); 13 ("Scheduling"); 14 ("Wages"); 16 ("Holidays"); 19 ("Other Benefits"); 26 ("Safe and Health Workplace"); 32 ("Management Rights"); 27 ("Minimum Performance Expectations"); 35 ("Term"). Indeed, at all times during the relevant time period covered by this case, unionized employees (VIs) in California all earned well above 130% the state minimum wage. *Id.* ¶ 7.

---

[2] 1. A PAGA action "functions as a substitute for an action brought by the government itself." *Arias v. Superior Court*, 46 Cal. 4th 969, 986 (2009). The California Supreme Court has held that a PAGA action need not be certified as a class action in order to proceed on a representative basis. *Id.* The majority of district courts in the Ninth Circuit have likewise held that PAGA claims need not meet class certification requirements. *Willner v. Manpower Inc.*, 35 F. Supp. 3d 1116, 1135 (N.D. Cal. 2014) (citing cases). Therefore, *Crowder's* representative PAGA claim asserts overtime claims on behalf of unionized employees, regardless of whether there has been any certification of her class claims yet.

10. Therefore, as explained in *Curtis*, Crowder's PAGA and class overtime claims on behalf of the unionized employees are "preempted under § 301 of the [LMRA], because California overtime law does not apply to an employee working under a qualifying collective bargaining agreement, Cal. Lab. Code § 514 . . . ." *Curtis*, 913 F.3d at 1149-50. "[A] civil complaint raising claims preempted by § 301 raises a federal question that can be removed to federal court." *Id*. at 1152.

11. The Ninth Circuit's decision in *Curtis* is a change in law, because the Ninth Circuit had previously held in *Gregory v. SCIE, LLC*, 317 F.3d 1050 (2003) that California state overtime claims subject to Section 514 were *not* preempted by Section 301 of the LMRA and were *not* removable to federal court. *Id*. at 1053-54 ("Even assuming the CBA provides premium wage rates for overtime, the question here is the same as that raised by Section 510: whether when overtime is paid under the CBA is paid for all overtime hours worked, as required by California. This is a question of interpretation of state law, not of the CBA, that we leave to the state court . . . We hold that federal jurisdiction has not been established.") Therefore, at the time the original Complaint and First Amended Complaints were filed, this case was not removable under controlling Ninth Circuit authority. However, *Curtis* expressly overruled *Gregory* on this exact issue. 913 F.3d at 1155. This case thus became removable for the first time on January 25, 2019, when the Ninth Circuit issued its opinion in *Curtis*, and Defendant's removal is promptly and timely filed within thirty days of that decision. 28 U.S.C. § 1446(b)(3); *Rea*, 742 F.3d at 1238.

## VENUE

12. The United States District Court for the Eastern District of California is the judicial district embracing the place where this action was filed by Crowder and thus is therefore the appropriate court for removal pursuant to 28 U.S.C. § 133.

//

//

WHEREFORE, Defendants request that the above action now pending against it in the Superior Court of California, County of Placer, be removed to this Court.

Dated:  February 20, 2019

**AKIN GUMP STRAUSS HAUER & FELD LLP**
GARY M. MCLAUGHLIN
STEPHANIE P. PRIEL

By  */s/ Gary M. McLaughlin*
Gary M. McLaughlin
Attorneys for Defendants
PURPLE COMMUNICATIONS, INC.
and CSDVRS, LLC